Gene Y. Kang, Esq.
Michael Vanunu, Esq.
Max Gershenoff, Esq. (admitted *pro hac vice*)
RIVKIN RADLER LLP
25 Main Street, Suite 501
Hackensack, New Jersey 07601
(201) 287-2460
*Counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY, and GEICO CASUALTY
CO.,

                      Plaintiffs,

    –against–

OASIS MEDICAL AND SURGICAL WELLNESS
GROUP, LLC, RALPH DANIEL, P.A., KEITH
JOHNSON, M.D., SUJAL PATEL, M.D., SAMUEL
SCHENKER, M.D., SAMMY MASRI, M.D., and
RALPH WHEELER, M.D.,

                      Defendants.
-------------------------------------------------------------------X

Case No.: 2:20-cv-05832-CCC-ESK

**DECLARATION OF MICHAEL VANUNU**

       Michael Vanunu, pursuant to 28 U.S.C. § 1746, hereby declares the truth of the following:

       1.    I am associated with the law firm of Rivkin Radler LLP and am counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. ("Plaintiffs" or "GEICO") in this matter.

2. I have personal knowledge of the facts set forth in this declaration, and would testify as to them in a court of law if required to do so.

3. I respectfully submit this declaration in support of the joint motion by all of the parties in this action for entry of the Discovery Confidentiality Order that is annexed hereto as Exhibit A.

4. Pursuant to Local Civil Rule 5.3, I hereby certify that: (i) the nature of the materials that will be kept confidential are the parties' internal corporate records, financial records, and patient records; (ii) the parties have legitimate interests in maintaining the confidentiality of these materials, inasmuch as they include sensitive commercial and financial information, as well as the healthcare records of Defendants' patients and Plaintiffs' insureds; and (iii) should the order not be entered, the disclosure of these materials outside of the scope of this litigation would result in clearly defined and serious injury to the parties and their respective businesses, including the loss of competitive advantage, and exposure to liability to third parties.

4. The proposed Discovery Confidentiality Order that is annexed hereto as Exhibit A is in the form that is available on the Court's website as Appendix S to the Local Civil Rules.

5. Accordingly, the parties jointly and respectfully request that the Court enter the proposed Confidentiality Order that is annexed hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 28, 2020

                                                */s/ Michael Vanunu*
                                                MICHAEL VANUNU